NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARVIN ALEXIS LEMUS-RIVERA;
LAURA MICHELLE LOPEZ-RAMOS;
ADIEL ELISEO LEMUS-LOPEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-484

Agency Nos.
A241-947-321
A241-947-322
A241-947-323

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Petitioners Marvin Alexis Lemus-Rivera, his life partner Laura Michelle

Lopez-Ramos, and their son Adiel Eliseo Lemus-Lopez, natives and citizens of El

Salvador, petition for review of a decision of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("BIA") that dismissed their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1).  Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

The "substantial evidence" standard governs our review of BIA decisions regarding claims for asylum, withholding of removal, and CAT protection. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  Under that standard, we ask whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (citation omitted).  We must deny the petition for review unless Petitioners can demonstrate "that the evidence not only supports, but compels the conclusion" that the BIA's findings and decisions are erroneous.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted) (as amended).  Because Petitioners have not done so, we deny the petition.

To establish eligibility for asylum, Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'  To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'"  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th

Cir. 2021) (first quoting 8 U.S.C. § 1101(a)(42)(A), then quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)).  For a particular social group ("PSG") to be cognizable, the social group must have "an immutable characteristic, particularity, and social distinction."  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020).

Petitioners sought to establish eligibility for asylum and withholding of removal based on their membership in a PSG ("El Salvadorian victims of extortion plus threats of violence from transnational criminal organizations who take concrete actions to oppose them by refusing to pay 'rent' or 'war tax' due to closely related family ties and business owners") and their "anti-gang" political opinion.  But in this appeal, as before the BIA, Petitioners do not make any meaningful arguments challenging the IJ's denial of their claim that they are eligible for asylum and withholding of removal on account of their membership in a PSG.  We thus find that Petitioners have waived the issue on appeal.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue. . . not discussed in the body of the opening brief is deemed waived.").  Furthermore, even if the issue had not been waived, Petitioners would still fail to establish that their PSG is cognizable.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (finding that a PSG based on general resistance to gang violence is

not cognizable).

Furthermore, the record does not compel the conclusion that the BIA erred in finding Petitioners failed to show any alleged persecution they had experienced was on account of their political opinions. Petitioners fail to confront the BIA's conclusion that they did not state that they expressed any anti-gang opinion to the gang members, they did not indicate that the gang members made threats for any reason other than to obtain their compliance, and they stated that every business in the area was similarly extorted. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) ("A person's deeds express a political opinion only when they are sufficiently conscious and deliberate decisions or acts such that society would naturally attribute certain political opinions to the petitioner based on those acts." (internal quotation marks and brackets omitted)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because "[a] nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), we deny the petition for review as to asylum and withholding of removal.

The BIA's denial of CAT relief is also supported by substantial evidence. "To

25-484

qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). Petitioners have not put forth evidence that compels the conclusion that the BIA erred in finding they failed to establish it was more likely than not that they would be tortured if removed to El Salvador. *See Garcia-Milian*, 755 F.3d at 1033. Petitioners have not put forth any evidence that they were subject to past torture or even physical harm, and any claim regarding future torture is speculative. Substantial evidence also supports the BIA's conclusion that Petitioners failed to demonstrate that the El Salvadoran government would acquiesce in any future torture, even if they could establish a likelihood of future torture. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 2, is otherwise denied.